F I L E D
CLERK OF COURT

2026 JUN -1 AM 10: 53

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                    )    CRIMINAL CASE NO. CF0117-26
                                   )
                                   )
        vs.                        )
                                   )    DECISION AND ORDER RE.
JIMMY MOSES HADLEY,                )    DEF'S MOTION IN LIMINE TO
aka Jim Mitwan; Prince Jake,       )    EXCLUDE 404(b) EVIDENCE
DOB: 11/02/1991 or 11/03/1992,     )
                                   )
                Defendant.         )
_____    )

### A.    INTRODUCTION

On March 31, 2026, this matter came before the Honorable Judge Maria T. Cenzon for a Pre-Trial Conference and hearing on Defendant's Motion In Limine To Exclude Other Acts Evidence, seeking to exclude from evidence "any reference [to] any and all convictions, arrests, prior criminal acts (prosecuted or otherwise), and other uncharged acts even if Defendant testifies, and even if Defendant introduces favorable character evidence." *Mot. In Limine* at 1 (Mar. 23, 2026). Defendant was present with counsel Attorney Heather Martinez Quitugua, and the People were represented by Assistant Attorney General Neil Bonavita.

Following the hearing on the Motion, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.l(e)(6)(A) of the Local Rules of the Superior Court of Guam. After reviewing the record on file with the court, the arguments presented at the Motion Hearing, and the applicable statutes and case law, the court now issues this Decision and Order.

## B. DISCUSSION

GRE 404(b) provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, **provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial**.

During oral argument on Defendant's Motion, the People indicated to the Court and Defendant that it did not intend to introduce evidence at trial of Defendant's prior bad acts and, therefore, did not object to the Motion to the extent it sought to prevent the People from introducing prior bad act evidence during the course of trial under GRE 404(b). However, the People reserved its right to impeach Defendant, should he choose to testify, with any evidence appropriate under Guam Rules of Evidence 609. See 6 G.C.A. § 404; GRE 404(a), 609.

Defendant's Motion in Limine seeks to exclude prior bad acts evidence for impeachment purposes, asserting that GRE 609 requires the Court to apply a balancing test under 609(a). The Court agrees, however, at this time, there is no indication to the Court as to what prior bad evidence may be introduced for the purpose or impeaching Defendant Hadley, should he elect to testify at the trial of this matter. As such, the Court shall reserve any ruling on the admissibility of bad acts evidence for impeachment purposes under GRE 609 until the issue is presented at the trial of this matter.

## C. CONCLUSION

At this time, the Court GRANTS Defendant's Motion in Limine to Exclude Bad Acts evidence under GRE 404(b), as the People have not provided notice to the Defendant of its

intent to use this evidence at trial. The Court reserves on the issue of whether prior bad acts will be permitted to impeach the Defendant, should he choose to testify, under GRE 609.

SO ORDERED this 29th day of May, 2026.

_____
HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
. acknowledge that an electronic
Copy of the original was e mailed to
_AOS  H.M. Quitugua_

JUN 0 1 2026
Date _____ Time. _10:58a_
Evan L. Topasna
Deputy clerk , Superior Court of Guam